# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,           Criminal No. 11-20129

vs.                             HON. ROBERT H. CLELAND

D-5    JEFF GARVIN SMITH
         a/k/a "Fat Dog"

D-6    PAUL ANTHONY DARRAH
         a/k/a "Pauli"

D-8    VINCENT JOHN WITORT
         a/k/a "Holiday"

        Defendants.
_____/

## GOVERNMENT'S UNOPPOSED MOTION, AND BRIEF IN SUPPORT OF MOTION, TO COMPEL DEFENDANTS JEFF GARVIN SMITH, PAUL ANTHONY DARRAH AND VINCENT JOHN WITORT TO MAKE KNOWN ANY REQUEST FOR A JURY DETERMINATION OF FORFEITURE AND SPECIFY PROPERTY FOR JURY'S FORFEITURE DETERMINATION

The United States of America, by its counsel, respectfully requests that the Court compel defendants Jeff Garvin Smith, Paul Anthony Darrah and Vincent John Witort to make known in writing on or before December 17, 2014 whether any of them requests that the jury be retained to determine the forfeitability of specific property if the jury returns a guilty verdict, and, if requesting retention of

the jury, to specify the property for which the defendant seeks the jury's forfeiture determination.

Pursuant to Local Rule 7.1, government counsel contacted counsel for defendants Jeff Garvin Smith, Paul Anthony Darrah and Vincent John Witort seeking concurrence in the relief requested herein. The attorneys for Jeff Garvin Smith, Paul Anthony Darrah, and Vincent John Witort, Jerome Sabbota, Patricia Maceroni and Byron Pitts, respectively, represented that they concur with the relief requested in this motion.[1]

This motion is supported by the accompanying brief.

                                                      Respectfully submitted,

                                                      BARBARA L. McQUADE
                                                      United States Attorney

Dated: December 11, 2014          s/Linda Aouate
                                                       LINDA AOUATE [P-70693]
                                                       Assistant United States Attorney
                                                       211 West Fort Street, Suite 2001
                                                       Detroit, MI 48226
                                                       (313) 226-9587
                                                       linda.aouate@usdoj.gov

---

[1] Mr. Sabbota indicated that he will file the jury demand and respond to the bill of particulars by December 17, 2014. Ms. Maceroni indicated that she will stipulate to the government's request to have Mr. Darrah's forfeiture determination filed by December 17, 2014. Mr. Pitts indicated that his client should be able to file the request and property list this Friday if he intends to retain the jury for forfeiture.

## BRIEF IN SUPPORT OF GOVERNMENT'S MOTION

The Third Superseding Indictment contains forfeiture allegations providing notice that in the event of a conviction, the government will seek forfeiture against the convicted defendant(s). The Government's First Forfeiture Bill of Particulars, filed on October 9, 2014, sets forth specific property subject to forfeiture ("Forfeiture Bill of Particulars"). (Dkt. No. 1033). The Forfeiture Bill of Particulars is 32 pages long and contains over 400 items of property. As provided in the Forfeiture Bill of Particulars, property was seized from defendants Jeff Garvin Smith and Paul Anthony Darrah as well as other defendants, many of whom are not being tried with these defendants. No property was seized from defendant Vincent John Witort.

Forfeiture issues will not be considered until and unless the jury returns a guilty verdict on one or more of the counts giving rise to forfeiture. *See* Rule 32.2(b)(1). In that event, the Court must determine what property is subject to forfeiture. Rule 32.2(b)(1)(A). The determination may be based on evidence already in the record "and on any additional evidence or information submitted by the parties and accepted by the Court as relevant and reliable." Rule 32.2(b)(1)(B).[2]

---

[2] The Rules of Evidence do not apply in the forfeiture phase of the trial. *United States v. Parenteau*, 805 F.Supp.2d 438, 448 (S.D. Ohio 2011); *See also United States v. Capoccia*, 503 F.3d 103, 109-110 (2d Cir. 2007) (Rule 32.2(b)(1) allows the court to consider "evidence or

In most criminal cases, the forfeiture determination is made by the court, not the jury. *See* Rule 32.2(b)(1)(A). However, pursuant to Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure, where the government is seeking the forfeiture of specific property, a defendant has a right to have the jury retained to determine whether the government has established the requisite nexus between the property and the offense(s) committed by the defendant. Rule 32.2(b)(5).[3]

In order to invoke the right to retain the jury to determine forfeiture, a defendant must make his election known to the court prior to the time the jury begins its deliberation regarding the defendant's guilt or innocence. Rule 32.2(b)(5)(A).[4] If the defendant fails to make a timely request to have the jury retained, the right to do so is waived. *See United States v. Nichols*, 429 Fed. Appx. 355, 356 (4th Cir. 2011) (per curiam) ("although a defendant has a right to have a jury decide a forfeiture issue, the defendant must affirmatively assert that right," citing Rule 32.2(b)(5)).

---

information," making it clear that the court may consider hearsay); *United States v. Ali*, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing, less stringent evidentiary standards apply in the forfeiture phase of the trial; the evidence need only be "reliable").

[3] Forfeiture is part of sentencing, and the government therefore bears the burden of establishing the requisite nexus by a preponderance of the evidence. *United States v. Parenteau*, 805 F.Supp.2d 438, 448 (S.D. Ohio 2011).

[4] The purpose of that provision, which was added to Rule 32.2 in 2009, is to allow the court and the jurors to plan their calendars, and to allow the government time to prepare special verdict forms and jury instructions, or conversely, to save the court and the government the judicial resources that would be wasted making such preparations if the defendant intends to waive the jury. Advisory Committee Note to 2009 Amendment to Subdivision (b)(5)(A).

The government and four of the Group One defendants have entered into stipulations waiving the statutory right to retain the jury to determine forfeiture issues. (*See* Stipulations filed December 9, 2014 at Docket Nos. 1121, 1122, 1123 and 1124). Defendants Jeff Garvin Smith, Paul Anthony Darrah and Vincent John Witort declined to enter into similar stipulations with the government. However, these three defendants have not filed anything indicating that any of them are affirmatively seeking retention of the jury to determine forfeiture.

Under Rule 32.2(b)(5)(A), the Court needs to determine "before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a jury verdict." The Rule leaves it to the discretion of the court to determine precisely when the request must be made, except that it must be "before the jury begins deliberating." Allowing a defendant to wait until the jury begins deliberating to say whether he will exercise the right under Rule 32.2(b)(5)(A) to have the jury retained to determine the forfeiture can result in a significant waste of judicial and government resources. For example, if the government does not know whether or not a defendant will ask that the jury be retained to determine forfeiture, it must prepare for a potential forfeiture jury trial, which may include preparing for the presentation of additional evidence, witnesses and exhibits. In addition, the government must prepare jury instructions and special verdict forms, and file them

with the Court. All of that effort, including the Court's review of what the government submits, is wasted if, as occurs in the vast majority of cases, the defendant ultimately decides to waive his right to retain the jury.

Accordingly, the United States respectfully requests that the Court enter an order requiring defendants Jeff Garvin Smith, Paul Anthony Darrah and Vincent John Witort to make known in writing, on or before December 17, 2014, whether any of them requests that the jury be retained to determine the forfeitability of specific property if the jury returns a guilty verdict. Furthermore, given the large number of items listed in the Forfeiture Bill of Particulars, the government requests that the Court order that any defendant requesting retention of the jury provide the Court and the government, on or before December 17, 2014, with a list of the property for which the defendant seeks the jury's forfeiture determination.

A proposed order will be submitted via the Utilities function of ECF.

                Respectfully submitted,

                BARBARA L. McQUADE
                United States Attorney

Dated: December 11, 2014      s/Linda Aouate
                LINDA AOUATE [P-70693]
                Assistant United States Attorney
                211 West Fort Street, Suite 2001
                Detroit, MI 48226
                (313) 226-9587
                linda.aouate@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2014, I electronically filed the foregoing document using the ECF system which will send notification of such filing to all ECF participants.

                                          s/Linda Aouate
                                          LINDA AOUATE [P-70693]
                                          Assistant United States Attorney
                                          211 West Fort Street, Suite 2001
                                          Detroit, MI 48226
                                          (313) 226-9587
                                          linda.aouate@usdoj.gov