UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

                               Civil Case No. 23-11352
                               Criminal Case No. 11-20129

JEFF GARVIN SMITH,              Sean F. Cox
                                            United States District Court Judge

    Defendant/Petitioner.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

This matter is currently before the Court on Petitioner/Defendant Jeff Garvin Smith's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence. The parties have briefed the issues and the Court concludes that neither oral argument nor an evidentiary hearing are necessary. For the reasons set forth below, the Court DENIES the motion and DECLINES TO ISSUE a certificate of appealability.

### BACKGROUND

In Criminal Case Number 11-20129, assigned to the Honorable Robert H. Cleland, the "federal government successfully prosecuted multiple members of the 'Devils Diciples [sic] Motorcycle Club' (DDMC) for their role in a RICO enterprise that trafficked large quantities of drugs (namely methamphetamine) and engaged in numerous other illegal acts (like violent crimes, illicit gambling, thefts, and obstruction of justice)." *United States v. Rich*, 14 F.4th 489, 491 (6th Cir. 2021). Smith was one of those members and, following a jury trial, he was convicted of multiple counts. Judge Cleland sentenced Smith to serve a life sentence on Counts

1 and 3, 60 months on Count 2, 240 months on Counts 26 and 30, and 36 months on Count 29, all to be served concurrently and concurrently to the sentence imposed in Criminal Case Number 20066. (*See* Judgment, ECF No. 2352).

Smith filed a direct appeal, that was consolidated with the appeals of several of his Co-Defendants. In that consolidated appeal, the Defendants "raised over seventy issues on appeal." In a published opinion issued on September 13, 2021, the United States Court of Appeals for the Sixth Circuit found all them lacking in merit and affirmed Defendants' convictions and sentences, including Smith's convictions and sentence. Smith filed a petition for a writ of certiorai, that was denied by the United States Supreme Court on June 13, 2022.

On June 6, 2023, Smith filed a *pro se* "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence." (ECF No. 2659). Smith used a form § 2255 Motion to file his motion, that consists of thirteen pages. Smith did not file a supporting brief. Beginning on page five of the form motion, its instructs the petitioner as follows:

> 12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.
>
> GROUND ONE:
> _____
> _____

(ECF No. 2659 at PageID.45280). Similar sections are included for additional grounds. Notably, however, Smith left all of those sections blank. That is, Smith did not specify any grounds for relief and he likewise did not include any supporting facts as to any grounds for relief. (*Id*. at PageID.45280-83). On page twelve of the form motion, Smith states as follows:

2

> My Lawyer Craig Daly has stated that I have til the middle of June to file. I've been steady searching for a lawyer to handle my case with no luck at all. I would appreciate if the Courts would give me a court appointed lawyer[1] to handle my case – Thank you very much!

(*Id*. at PageID.45286). On page thirteen of the motion, Smith states that the relief he is asking for is "Release." In the section that states "or any other relief to which movant may be entitled," Smith wrote "Compassionate Release Program." (*Id*. at PageID.45287).

Following Judge Cleland's retirement, this case was reassigned to the undersigned judge. This Court ordered the Government to file its response to the motion by November 28, 2023, and ordered that any reply brief must be filed by December 26, 2023.

On October 16, 2023, the Government filed its response to Smith's § 2255 Motion. (ECF No. 2702). In it, the Government asserts that Smith's motion should be summarily denied because it fails to set forth any factual or legal basis for relief.

Smith did not file a reply brief and the time permitted for doing so has passed. Thus, the matter is ripe for a decision by this Court.

## ANALYSIS

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty

---

[1] This Court denied Smith's request for the appointment of counsel. (*See* ECF No. 2710).

plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Defendants seeking to set aside their sentences pursuant to 28 U.S.C. section 2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 F. App'x 73, 76 (6th Cir. 2003).

It is well established that when a defendant files a section 2255 motion, he must set forth specific facts in his motion establishing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972) (noting that where "the petition supplied no factual material" upon which to test the claims, "[s]uch a pleading does not call for an evidentiary hearing."); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing."). Smith has failed to do so here, as his motion fails to set forth any factual or legal basis for relief under § 2255.[2]

## CONCLUSION & ORDER

Accordingly, the Court **ORDERS** that Smith's § 2255 Motion is **DENIED.**

A certificate of appealability must issue before a petitioner such as Smith may appeal a district court's denial of his § 2255 Motion. **IT IS ORDERED** that this Court declines to issue a

---

[2]The Court notes that Smith's *pro se* § 2255 Motion includes a reference to the "Compassionate Release Program." (ECF No. 2659 at PageID.45287). If Smith wishes to seek compassionate release, he must file a formal motion seeking that relief.

4

certificate of appealability because reasonable jurists would not find the Court's assessment of

Smith's § 2255 Motion debatable or wrong.

      **IT IS SO ORDERED**.

                                              s/Sean F. Cox  
                                              Sean F. Cox  
                                              United States District Judge

Dated:  January 8, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 8, 2024, by electronic and/or ordinary mail.

                                              s/J. McCoy  
                                              Case Manager